IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLIE D. JACKSON, #1127769,<br><br>    Plaintiff(s),<br><br>v.<br><br>SZMARCIARZ, Correctional Officer,<br><br>    Defendant(s). | No. C 15-0194 CRB (PR)<br><br>ORDER GRANTING MOTION TO STAY ACTION UNDER THE SERVICE MEMBER RELIEF ACT, 50 U.S.C. § 522, AND ADMINISTRATIVELY CLOSING CASE<br><br>(Dkt. #16) |

I.

Plaintiff, a prisoner at the Northern Nevada Correctional Center in Carson City, Nevada, filed the instant pro se action for damages under 42 U.S.C. § 1983 alleging that on October 8, 2012, while he was incarcerated at San Quentin State Prison (SQSP) in San Quentin, California, Correctional Officer Szmarciarz used excessive force and retaliated against him when Szmarciarz ran up to plaintiff screaming "snitch" and "rat," and then "slammed plaintiff's face against the bars of [his] cell thus causing the plaintiff to split his lip open." Dkt. #1 (Compl.) at 4. Per order filed on May 29, 2015, the court found that, liberally construed, plaintiff's allegations appear to state a cognizable § 1983 claim for use of excessive force and an arguably cognizable § 1983 claim for retaliation, and ordered the United States Marshal to serve Szmarciarz (defendant).

Defendant now moves for a stay of this action under the Service Member Civil Relief Act (SCRA), 50 U.S.C. § 522, until 30 days after he is released from active military service. Plaintiff has filed an opposition and defendant has filed a reply.

## II.

SCRA provides that at any stage before final judgment in a civil action in which a party to the action is in military service, the court shall upon application by the service member stay the action. 50 U.S.C. § 522(b)(1). But although subdivision (b)(1) uses the term "shall," a stay is not mandated solely upon finding an applicant qualifies under SCRA. Boone v. Lightner, 319 U.S. 561, 565-69 (1943). The court has the discretion to determine whether a service member is entitled to a stay under SCRA. Id. As the Supreme Court has held, however:

> [SCRA] is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation. The discretion that is vested in trial courts to that end is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from the service. Absence when one's rights or liabilities are being adjudged is usually prima facie prejudicial.

Id. at 575.

## III.

In support of his request for a stay, defendant submits the Secretary of the Air Force's order (Request and Authorization for Active Duty Training/Active Duty Tour (AF Form 398)) requiring him to report for active duty on July 7, 2015 through March 2, 2016. Defendant also declares under penalty of perjury that because he has been deployed with the Air Force for active military service in the country of Jordan through at least March 2, 2016, he will be unable to litigate this civil action. Specifically, he will be unable to appear in court, confer with his

attorney, respond to discovery or assist with the preparation of any dispositive motions that his counsel may file on his behalf.  Defendant accordingly seeks a stay of all proceedings in this action under SCRA until 30 days after he is released from active military service.

Good cause shown, defendant's motion for a stay of this action under SCRA (dkt. #16) until 30 days after he is released from active military service is GRANTED.  Plaintiff's objection to a stay on grounds that relevant documents and evidence may be lost is unpersuasive because defendant's counsel "affirms that he has taken the appropriate steps to preserve existing relevant documents and evidence in this case." Dkt. #21 (Reply) at 2.

## IV.

The clerk is instructed to ADMINISTRATIVELY CLOSE the case. Nothing further will take place in this case until defendant is released from active military service and, within 30 days thereafter, moves to reopen the case and lift the court's stay under SCRA.

Defendant is warned that failure to move to reopen the case and lift the court's stay within 30 days of his release from active military service will result in sanctions.

SO ORDERED.

DATED: August 26, 2015

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.15\Jackson, C.15-0194.mtn_to_stay.wpd